UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kevlin Omar Brown,

          Plaintiff,        Case No. 25-13120

v.                                 Judith E. Levy
                                 United States District Judge

Nicole Nelson, *et al.*,

                                 Mag. Judge Anthony P. Patti

          Defendants.

_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION [7]**

Before the Court is *pro se* Plaintiff Kevlin Omar Brown's motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) (ECF No. 7.) and motion and memorandum of law to enter exhibit (ECF No. 8.) For the reasons set forth below, Plaintiff's motions are denied.

**I.   Background**

On October 3, 2025, Plaintiff initiated this action under 42 U.S.C. § 1983. (ECF No. 1.) He sued Defendants Nicole Nelson, Judge Denise Langford-Morris (Ret.), Judge Cunningham, Case Manager Sarah Hool,

and Clerk Josh.[1] (*Id.* at PageID.1.) Plaintiff identified his claims with the following list:

> Count I – Double Jeopardy
>
> Count II – Malicious Prosecution
>
> Count III – Administrative Failure / Denial of Access
>
> Count IV – Due Process Violation (Service and DNA Testing)

(*Id.* at PageID.2.) Plaintiff's claims were unaccompanied by factual allegations.

On December 5, 2025, the Court granted Plaintiff *in forma pauperis* status and dismissed the case without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and for lack of subject-matter jurisdiction. (ECF No. 5.) The Court also issued a judgment. (ECF No. 6.)

In his motion filed on December 12, 2025, Plaintiff asks that the Court "reconsider its own judgment under Fed. R. Civ. P. 59(e) and 60(b)." (ECF No. 7, PageID.40.) In addition, Plaintiff states that he "now presents a fully detailed amended complaint," and he asks that "the

---

[1] In a portion of his motion for reconsideration titled "Clarification Regarding Judicial Defendants," Plaintiff "clarifies that he is not suing Judge Denise Langford-Morris or any judicial officer. Plaintiff seeks no damages or injunctions against any judge. Judge Morris is referenced solely as a factual witness." (ECF No. 7, PageID.40.)

2

attached First Amended Complaint be accepted as the operative complaint." (*Id.* at PageID.41–42.) An amended complaint is not attached to Plaintiff's motion for reconsideration.

## II. Analysis

As noted, Plaintiff seeks relief under Rules 59(e) and 60(b). (ECF No. 7.) But Plaintiff fails to show that he is entitled to relief under either rule. The Court addresses each rule below.

### A. Federal Rule of Civil Procedure 59(e)

Rule 59(e) provides that a party may move "to alter or amend a judgment" within twenty-eight days of when the judgment is entered. "A district court may alter or amend its judgment based on '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

3

Here, Plaintiff does not establish that there is a basis for the Court to alter or amend the judgment under Rule 59(e). Plaintiff does not identify a clear error of law. Plaintiff concedes that his "original complaint lacked factual development because, as a pro se litigant, he did not . . . understand the federal pleading standards under Rule 8." (ECF No. 7, PageID.41.) Moreover, Plaintiff presents no newly discovered evidence, nor does he argue that there has been an intervening change in controlling law.

Lastly, Plaintiff also does not show a need to prevent manifest injustice. The Sixth Circuit has noted that its "cases do not offer clear guidance as to what qualifies as 'manifest injustice,' but the plain meaning of those words is instructive." *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 530 (6th Cir. 2016) (quoting *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330-31 (6th Cir. 2014)). Black's Law Dictionary defines "manifest injustice" as "[a] direct, obvious, and observable error in a trial court." *Manifest Injustice*, Black's Law Dictionary (11th ed. 2019). "A 'general definition of manifest injustice' has not been developed, and courts 'look at the matter on a case-by-case basis.'" *Emergency Dep't*

4

*Physicians P.C. v. United Healthcare, Inc.*, No. 19-12052, 2021 U.S. Dist. LEXIS 114892, at *3 (E.D. Mich. June 21, 2021).

Here, Plaintiff asserts that "reconsideration is necessary to prevent manifest . . . injustice" and therefore "reopening is appropriate." (*Id.* at PageID.42.) This argument is circular and conclusory. Plaintiff essentially contends that reopening is appropriate to prevent manifest injustice because reconsideration is necessary—without identifying any direct, obvious, or observable error by the Court. Plaintiff also fails to specify what injustice the Court would be preventing by granting relief. Without demonstrating any error or concrete harm, Plaintiff has not shown that relief under Rule 59(e) is warranted.

### B. Federal Rule of Civil Procedure 60(b)

Plaintiff also fails to show that he is entitled to relief under Rule 60(b). Rule 60(b) states that

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;

5

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A Rule 60(b) motion is addressed to the sound discretion of the Court." *H. K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976) (citing *Jacobs v. DeShetler*, 465 F.2d 840, 843 (6th Cir. 1972)); *see also* 11 Charles Alan Wright et al., *Fed. Prac. & Proc.* § 2857 (3d ed. 2025). "The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

6

Plaintiff fails to meet his burden of showing that relief under Rule 60(b) is justified. He does not address the grounds for relief specified in Rule 60(b)(1) through (5). Plaintiff does not demonstrate the existence of "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence"; or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1)–(3). Nor does Plaintiff show that "the judgment is void" or that "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(4)–(5).

In addition, Plaintiff does not show that he is entitled to relief under Rule 60(b)(6). Rule 60(b)(6) is a "'catchall' provision . . . that allows a district court to reopen a case for 'any other reason that justifies relief.'" *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025) (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)). "Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs." *Id.* at 211. "[R]elief under Rule 60(b)(6) is available 'only when Rules 60(b)(1) through (b)(5) are inapplicable.'" *Id.* (quoting *Kemp*, 596 U.S. at

7

533). Under Rule 60(b)(6), "extraordinary circumstances must justify reopening." *Id.*; *see id.* at 210 ("Relief under Rule 60(b)(6) requires extraordinary circumstances."). In this case, Plaintiff does not present extraordinary circumstances that satisfy Rule 60(b)(6). And Plaintiff proceeding *pro se* "is not an exceptional or extraordinary circumstance" that warrants relief under Rule 60(b)(6). *See Daniel v. DTE Energy Co.*, 592 F. App'x 489, 491 (6th Cir. 2015). Therefore, Plaintiff is not entitled to relief under Rule 60(b)(6). *See id.* ("Other than the fact that [the plaintiff] proceeded pro se [in the district court]—which is not an exceptional or extraordinary circumstance—[the plaintiff] does not offer any grounds for relief under Rule 60(b)(6). The district court properly denied [the plaintiff's] Rule 60(b)(6) motion.").

In sum, Plaintiff does not establish by clear and convincing evidence that there are grounds for the Court to grant him relief under Rule 60(b). To the extent Plaintiff seeks to amend the complaint, the Court will not grant this request due to his failure to show that he is entitled to relief under Rule 60(b). *See Honickman*, 605 U.S. at 210 ("A party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before [Federal] Rule [of

8

Civil Procedure] 15(a)'s liberal amendment standard can apply."); *Elridge v. Baker*, No. 25-5318, 2025 U.S. App. LEXIS 26927, at *4 (6th Cir. Oct. 15, 2025) (concluding that the district court "did not abuse its discretion in denying [a post-judgment] motion to amend [the complaint filed by the plaintiff, a pro se prisoner,] because the plaintiff "did not meet the requirements for reopening his case under Rule 59 or 60" (citing *Leisure Caviar, LLC*, 616 F.3d at 615–16; *Honickman*, 605 U.S. at 213)).

### C. Motion and Memorandum of Law to Enter Exhibit

On January 7, 2026, Plaintiff filed a motion to request the Court "to admit Exhibit A into evidence and requests Exhibits B & C be obtained by Court due to indigent status and constitutional liberty interest violation." (ECF No. 8, PageID.45.) Because Plaintiff's case is closed and his motion to reopen the case is denied, the motion to enter various exhibits as evidence is denied as moot.

### III. Conclusion

For the reasons set forth above, Plaintiff's motion for reconsideration under Rules 59(e) and 60(b) (ECF No. 7), and Plaintiff's motion and Memorandum of Law to enter exhibit (ECF No. 8) are DENIED.

IT IS SO ORDERED.

Dated: January 14, 2026　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 14, 2026.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager

10